IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRIAN LESTER WALTON, SR.,
    Petitioner,

v.    Civil Action No. 3:17CV460–HEH

COMMONWEALTH OF VIRGINIA,
    Respondent.

## MEMORANDUM OPINION
### (Dismissing Action Without Prejudice)

Petitioner, a Virginia inmate proceeding *pro se*, submitted a 28 U.S.C. § 2254 petition. In his present petition, Petitioner challenges his 2014 conviction for violation of a protective order, third offense, in the Circuit Court for Middlesex County. (§ 2254 Pet. 1, ECF No. 1.) Petitioner currently has another petition for a writ of habeas corpus pending before this Court wherein he challenges the same conviction. *See Walton v. Clarke*, No. 3:17CV320 (E.D. Va. filed Apr. 26, 2017). The pertinent statutes do not permit inmates to litigate multiple or successive 28 U.S.C. § 2254 petitions. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Accordingly, by Memorandum Order entered on June 29, 2017, the Court directed Petitioner, within eleven (11) days of the date of entry thereof, to show good cause why the present petition should not be dismissed without prejudice to Petitioner's litigation of his claims currently pending in *Walton v. Clarke*, No. 3:17CV320 (E.D. Va.). Petitioner has responded and indicates that he had difficulty with the mail at his institution so he mailed another § 2254 petition to the Court. Petitioner also states that in *Walton v. Clarke*, No. 3:17CV320 (E.D. Va.), he actually

named the Commonwealth of Virginia as Respondent and he "would like Harold W. Clarke's name removed and continue with case no. 3:17CV320 since it has been started." (ECF No. 4, at 1.) Harold W. Clarke's name was substituted for the Commonwealth of Virginia in that action because Petitioner's custodian is the proper party respondent for his § 2254 petition. *See* Rule 2(a) of the Rules Governing Habeas Corpus Proceedings; *Smith v. Clarke*, No.1:11CV1182 LO/IDD, 2012 WL 1222551, at *1 n.1 (E.D. Va. Apr. 10, 2012) (substituting Harold W. Clarke for the Commonwealth of Virginia as proper Respondent in § 2254 petition).

Petitioner also asks whether he can "use the 28 U.S.C. § 2254 petition document for the Case No. 3:17CV460 in Case No. 3:17CV460 since it is typed up and can be read better." (*Id.*) Finally, Petitioner asks whether "the Court[ can] combine my evidence in both." (*Id.*) The Court will not substitute petitions or combine evidence that was submitted in two separate civil actions nor will it combine the two civil actions. To the extent that Petitioner wishes to alter his claims or add new evidence, Petitioner may submit an amended § 2254 petition in the civil action *Walton v. Clarke*, No. 3:17CV320 (E.D. Va.) that includes all of his claims or evidence. Petitioner must also serve Respondent in that case who has filed a Motion to Dismiss the § 2254 petition. Accordingly, Petitioner's requests in his letter motion (ECF No. 4) will be denied.

2

The present petition will be dismissed without prejudice to Petitioner's litigation of his claims currently pending in *Walton v. Clarke*, No. 3:17CV320 (E.D. Va.). The action will be dismissed and a certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: July 27, 2017
Richmond, Virginia

3